# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2026

Lyle W. Cayce
Clerk

No. 25-51020
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Gustavo Salas-Romero,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:25-CR-167-1

---

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Gustavo Salas-Romero appeals following his conviction and sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b), arguing for the first time on appeal that the sentencing enhancement in § 1326(b) is unconstitutional. The government has moved for summary affirmance or, alternatively, for an extension of time in which to file a brief. Although Salas-Romero takes no

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

position on the motion for summary affirmance, he acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve the issue for possible Supreme Court review.

The parties are correct that Salas-Romero's sole argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction'" (quoting *Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013))). Summary affirmance is thus appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.